Lieutenant T. Wilkins c/o North Little Rock Police Department 200 West Pershing Boulevard North Little Rock, Arkansas 72114-2294
Dear Lieutenant Wilkins:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), for an opinion on whether the North Little Rock Police Department's decision to release certain information concerning your employment with the City is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101 — 109 (Repl. 2002 and Supp. 2007). Specifically, you state that a local law firm has made an FOIA request for "[a]ny and all complaints by the public against [you]." The custodian has informed you of its response to this request by stating that: "Only complaints that resulted in suspension, termination, demotion or a loss of pay are subject to this FOI request." The custodian informed you that one complaint resulted in this type of action and enclosed a copy of an "[i]nvestigative file" pertaining to this complaint for your review. Although it is not expressly stated, the custodian has presumably determined that either the complaint document, or the entire investigative file is subject to release under the FOIA. I cannot determine the custodian's precise decision from the applicable documents. You state that you object to the release of this information on the grounds that the incident in question occurred quite some time ago and while you were off-duty.
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to state whether the decision of the custodian of records is consistent with the Arkansas Freedom of *Page 2 
Information Act. A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2007). As noted above, I cannot determine the precise decision of the custodian, but it appears that at a minimum, the Department intends to release the one complaint document described, and perhaps the entire investigative file relating to this complaint. In my opinion the custodian's decision is, at least in part, inconsistent with the FOIA. Different tests apply to the release of citizen complaint documents, on the one hand, and documents created by supervisors in the course of investigating such complaints, on the other. The request in this instance seeks only "complaints by the public." In my opinion, any citizen complaint documents responsive to the request are subject to inspection and copying under the FOIA except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." In this regard, the applicable test for release of citizen complaints is the A.C.A. § 25-19-105(b)(12) exemption for personnel records, rather than the A.C.A. § 25-19-105(c)(1) exemption for "employee evaluation or job performance records," which was apparently applied by the custodian. Thus, any citizen complaint documents, and not just those that eventually resulted in suspension or termination, are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." The question of whether release of any information within any citizen complaints would constitute a "clearly unwarranted invasion of privacy" is a question of fact, dependent upon the actual contents of the record in question. I have not been provided with, nor have I reviewed any responsive records in this regard. I thus cannot determine conclusively whether any of the contents of such documents would give rise to a clearly unwarranted invasion of personal privacy if released. This is a decision that must be made in the first instance by the custodian of records.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices *Page 3 
or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that you are a city employee, I believe documents containing the information clearly qualify as "public records" under this definition. As my predecessor noted in Op. Att'y Gen. No. 1999-305, "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Id. at 2.
Records maintained with regard to a police officer's employment typically comprise either "personnel records" or "employee evaluation/job performance records" for purposes of the exemptions listed in the FOIA. It is important for the custodian of the records to classify the records correctly because different exemptions apply to the release of these two types of records.
Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. See,e.g., Op. Att'y Gen. 2007-008, citing Op. Att'y Gen. 2005-032 (and opinions cited therein).
Under the relevant statute, A.C.A. § 25-19-105, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride,332 Ark. 306,965 S.W.2d 125 (1998). The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of *Page 4 
personal privacy is always a question of fact. Ops. Att'y Gen. 2004-260; 2003-336; 2003-201; 2001-101; 98-001.
Similarly, the FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 2006-035; 2005-030; 2004-211; 2003-073; 1998-006; 1997-222; 1995-351; 1994-306; 1993-055. To fall within this classification, the record must have been created for the purpose of evaluating the employee. See, e.g., Op. Att'y Gen. No. 2004-012. "Employee evaluation or job performance records" as distinguished from "personnel records," are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
With regard to initial classification of the records, I should note that my predecessors have previously stated, and I agree, that unsolicited citizen or employee "complaints" are properly classified as "personnel records" rather than "employee evaluation or job performance records." As my predecessor stated in Op. Att'y Gen. 2006-158 at n. 1:
 This office has consistently taken the position that any records that were created at the behest of an employer and that detail the performance or lack of performance of an employee with regard to a specific incident or incidents are properly classified as *Page 5 
employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 1998-006, 97-222, 95-351, 94-306, and 93-055. This would include records in an internal affairs file that have been generated at the behest of the employer in the course of investigating a complaint against the employee. See, e.g., Op. Att'y Gen. 2006-106
(and opinions cited therein). Records relating to an internal investigation that were not created at the behest of the employer, such as an unsolicited complaint, are properly classified as "personnel records."
Id. at 6 (emphasis added). See also Ops. Att'y Gen. 2006-092; 2004-348 and 2003-033.
Unsolicited citizen complaints are not created by the employer to evaluate job performance. They thus do not come within the rationale behind the A.C.A. § 25-19-105(c)(1) exemption for "employee evaluation or job performance records," which is to allow supervisors to be candid in assessing employee performance and to identify weaknesses with an eye toward fostering improvement. See, e.g., Op. Att'y Gen. 2006-007,citing Op. Att'y Gen. 2005-074 and Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press).
The information requested in this instance seeks "[a]ny and all complaints by the public" filed against you. The custodian has determined that "only complaints that resulted in suspension, termination, demotion or a loss of pay are subject to this FOI request" and enclosed one "[i]nvestigative file" for your review. I assume, although it is not expressly stated, that the custodian has determined to release the one complaint document mentioned and perhaps the related "investigative file" to the requester. In making this response, the custodian has apparently broadly read the FOIA request as seeking both copies of initial citizen complaints and any resulting investigative files pertaining thereto. It does not appear that the FOIA requester has sought any investigative files, however. He seeks only "any and all complaints by the public." The custodian's response thus may go beyond the particular FOIA request in this instance.
In any event, in my opinion the custodian has applied the incorrect test for determining whether citizen complaint documents are subject to release. As set out above, any unsolicited citizen complaints pertaining to your employment should be evaluated under the test for the release of "personnel records" (the "clearly *Page 6 
unwarranted standard), rather than under the test for "employee evaluation or job performance records." Again, "personnel records" are subject to disclosure except to the extent their release would constitute a "clearly unwarranted invasion of personal privacy." It has been stated, under this test, that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends." Op. Att'y Gen. 2003-018, citing Young v. Rice,308 Ark. 593,826 S.W.2d 252 (1992)]. In addition, this office has previously concluded with regard to the release of complaint documents under A.C.A. § 25-19-105(b)(12) that:
 . . . the public's interest in records relevant to the misconduct of a high ranking public official and of other public employees will generally outweigh those individuals' privacy interest in those records. It has been noted by a commentator on the Freedom of Information Act that "the `public interest' will ordinarily be great when there is a need for oversight to prevent wrongdoing or when the requested records would inform the public about agency misbehavior or other violations of the public trust." Watkins, The Freedom of Information Act, 3rd ed., at 139. Accord, Op. Att'y Gen. No. 1998-001.
Op. Att'y Gen. 2000-203 at 5. See also, Ops. Att'y Gen. 2006-092 and 96-258 (each opining that information contained in an unsolicited complaint would not result in a clearly unwarranted invasion of personal privacy under the facts therein).
Thus, to the extent there are any citizen complaint documents relating to your employment, they may, depending upon their content, even absent any suspension or termination resulting therefrom, be subject to inspection and copying under the FOIA. In my opinion, to the extent discussed above, the custodian's decision is inconsistent with the FOIA. Because I have not reviewed the documents in question, however, I cannot express an opinion concerning the extent to which the release of any information contained therein would constitute a clearly *Page 7 
unwarranted invasion of personal privacy. This is a decision that must be made in the first instance by the custodian of the records.[1]
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] If the FOIA requester has in fact sought any official investigative records created in connection with such citizen complaints, those documents, if created by or at the behest of supervisors to evaluate your job performance, must be evaluated under the A.C.A. § 25-19-105(c)(1) test for the release of "employee evaluation or job performance records." In that event, the records are not disclosable unless all the requirements of that test have been meet, including that they formed a basis for your suspension or termination. The release of such records is also dependent upon the existence of a "compelling public interest in disclosure." I have enclosed a copy of Op. Att'y Gen. 2007-206 for your review, which discusses this prong of the applicable test.